UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
NO. _____

*ELECTRONICALLY FILED*

HAMBURG HEALTHCARE, LLC     PLAINTIFF

v.     **VERIFIED COMPLAINT**

MIKE LEAVITT, SECRETARY OF THE UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
CENTERS FOR MEDICARE AND MEDICAID SERVICES     DEFENDANTS

\*\*\*\*\*\*\*\*\*\*

Comes Plaintiff, Hamburg Healthcare, LLC, ("Hamburg") by and through counsel, and for its Verified Complaint herein states as follows:

PARTIES/JURISDICTION AND VENUE

1. Hamburg is a Kentucky limited liability company doing business in Lexington, Fayette County, Kentucky as a "long term care facility" as that term is defined in 42 CFR Section 483.1 et seq., and specifically as a "skilled nursing facility" with regard to its participation in the Medicare program, and as a "nursing facility" with regard to its participation in the Medicaid program.

2. Defendant Mike Leavitt, is the duly appointed Secretary of the U.S. Department of Health and Human Services, Centers for Medicare & Medicaid Services ("CMS"), which is an agency constituted under the provisions of 42 USC Section 1395 et seq. that maintains the responsibility for oversight for compliance with the Medicare health and safety standards and conditions of participation for laboratories, acute and continuing care providers (including hospitals, nursing homes, home health agencies

1

(HHAs), end-stage renal disease (ESRD) facilities, hospices, and other facilities serving Medicare and Medicaid beneficiaries).

3. This Court has subject matter jurisdiction over this matter by virtue of the terms of 28 USC Section 1331 providing for original jurisdiction over disputes involving questions of federal law, and disputes against agencies of the United States government, respectively. This Court also has subject matter jurisdiction pursuant to 28 USC Section 1361.

4. Venue for this matter is proper in this Court by virtue of the terms of 28 USC Section 1391(e) in that this is an action against an agency of the United States government and a substantial part of the events or omissions giving rise to the action occurred in Eastern District of Kentucky, and specifically, Lexington, Fayette County, Kentucky.

## FACTS AND CLAIMS

5. Hamburg incorporates by reference the allegations set forth in paragraphs 1-4 above.

6. Hamburg owns and operates a long-term health care facility located at 2770 Palumbo Drive, Lexington, Kentucky 40509 ("Facility"), and is a party to certain provider agreements in connection with its operation of a "skilled nursing facility" under the Medicare program and as a "nursing facility" under the Medicaid program. ("Provider Agreements"). In order to maintain its Provider Agreements, Hamburg must satisfy certain Conditions of Participation set forth in statutes and regulations applicable to Medicare and Medicaid.

7. CMS, as part of its oversight function, has caused to be conducted certain surveys of Hamburg's Facility to ascertain whether the Conditions of Participation are being met, including but not limited to, surveys conducted on June 3, 2006, July 26, 2006, October 6, 2006, and November 21, 2006. The surveys are conducted on behalf of CMS by the Commonwealth of Kentucky, Cabinet for Health and Family Services, Office of the Inspector General ("OIG").

8. Following a June 3, 2006 survey, the OIG issued a Statement of Deficiency dated June 16, 2006, detailing the existence of certain conditions rendering the Facility in non-compliance with the Conditions of Participation.

9. In response to the Statement of Deficiency, Hamburg took corrective steps to remedy the alleged deficiencies noted by the OIG. Between June 3 and July 26, 2006, Hamburg filed a Credible Allegation of Compliance and a Plan of Correction that was accepted by CMS and the OIG.

10. Following the June 3, 2006 survey, CMS arranged for the OIG to conduct a revisit survey of at Hamburg's Facility on July 26, 2006.

11. Following the July 26, 2006 revisit survey, CMS sent Hamburg a letter dated August 18, 2006 stating that the July 26, 2006 OIG revisit survey revealed certain unacceptable conditions and imposed Civil Monetary Penalties ("CMP") and further indicated that **if** the facility remained out of compliance as of December 3, 2006 its Provider Agreements would be terminated.

12. Following the July 26, 2006 revisit survey, the OIG issued a Statement of Deficiency detailing the existence of certain conditions rendering the Facility in non-compliance with the Conditions of Participation.

13. In response to the Statement of Deficiency, Hamburg took corrective steps to remedy the alleged deficiencies noted by the OIG.

14. Following the August 18, 2006 letter (Exhibit 1), CMS arranged for the OIG to conduct a second revisit survey of Hamburg's Facility on October 2, 2006.

15. Following the October 2, 2006 revisit survey, CMS sent Hamburg a letter on October 19, 2006 stating that the October 2, 2006 revisit survey revealed certain unacceptable conditions and imposed additional CMPs and reiterating that *if* the facility remained out of compliance as of December 3, 2006 its Provider Agreements would be terminated. (Exhibit 2)

16. In response to the Statement of Deficiency, Hamburg took corrective steps to remedy the alleged deficiencies noted by the OIG.

17. Following the October 19, 2006 letter, CMS arranged for the OIG to conduct a revisit survey of at Hamburg's Facility on November 21, 2006.

18. Following the November 21, 2006 revisit survey, CMS sent Hamburg a letter on November 29, 2006 stating that the November 21, 2006 revisit survey revealed certain unacceptable conditions and imposed additional CMPs, and further stating that that the Hamburg's Medicare and Medicaid Provider Agreements would be terminated at 11:59 p.m. on December 3, 2006 if "your facility remains out of substantial compliance on that date." (Emphasis supplied.) (Exhibit 3)

19. The November 29, 2006 letter further provides as follows:

> If you disagree with the findings of noncompliance made during the November 21, 2006 revisit, you or your legal representative may request a hearing before an administrative law judge of the Departmental Appeals Board (DAB). Procedures governing this process are set out in 42 C.F.R. § 498.1 et seq. A written request

4

for a hearing must be filed no later than sixty (60) days from the date of receipt of this letter. Such a request should be directed to:

> Oliver Potts, Chief
> Civil Remedies Division
> Department of Health & Human Services
> Departmental Appeals Board, MS 6132
> 330 Independence Avenue, S.W.
> Cohen Building – Room G-644
> Washington, DC  20201

20. With respect to the request for hearing provided in the November 29, 2006 letter from CMS, CMS states as follows:

> In accordance with 42 C.F.R. § 498.40, a request for a hearing should identify the specific issues, the findings of fact, and conclusions of law, with which you disagree. It should also specify the basis for contending that the findings and conclusions are incorrect. You may be represented by counsel at the administrative hearing at your own expense.

21. Neither CMS nor the OIG, as of the filing of this action, has provided to Hamburg a Statement of Deficiency detailing the alleged incidences of non-compliance it claims to have observed on November 21, 2006, and allegedly rendering Hamburg unable to meaningfully comply with requirements of a request for hearing as set forth above. Receipt of the Statement of Deficiency triggers a facility's right to request Informal Dispute Resolution ("IDR") of the OIG's findings. To date, Hamburg has not had this opportunity. Through the IDR process, Hamburg has the ability to challenge the findings of the Survey Team.

22. Following receipt of CMS' November 29, 2006 notice to Hamburg, Hamburg prepared and delivered a Credible Allegation of Compliance with Medicare Conditions of Participation on November 30, 2006, reflecting that there were no

5

conditions or deficiencies at the Facility that would render Hamburg non-compliant with the conditions of participation. (Exhibit 4)

23. On December 1, 2006, Hamburg requested the CMS and the Cabinet for Health and Family Services "immediately perform a new survey in order to verify that the Facility is in compliance with Medicare conditions of participation." (Exhibit 5)

24. Notwithstanding that CMS has provided Hamburg through and including 11:59 p.m. on December 3, 2006 to achieve compliance, CMS has arbitrarily and capriciously determined in advance of that date and time that Hamburg will be "non-compliant."

25. Also on December 1, 2006, Hamburg has exercised its right to appeal the findings of the November 21, 2006 revisit survey pursuant to 42 CFR Section 498.5(b). (Exhibit 6)

26. None of the Notices of Non-Compliance received from the OIG since June 3, 2006 have reflected the existence of a violation of immediate jeopardy, which means that actual harm has occurred to a resident or that the risk of actual harm exists or that no actual harm with a potential for more than minimal harm exists, or substandard quality of care.

27. 42 CFR Section 488.456 provides that CMS will provide Hamburg 15 days notice in advance of the effective date of any termination of the Provider Agreements with non-immediate jeopardy deficiencies that constitute non-compliance.

28. CMS does not allege that Hamburg has no immediate jeopardy deficiencies.

29. CMS' November 29, 2006 notice of termination effective December 3, 2006 violates the terms of 42 CFR Section488.456(c).

30. CMS' termination of the Hamburg's Provider Agreements exceeds the scope of CMS's authority under the circumstances described, including specifically, but not limited to the lack of any finding of any deficiency constituting immediate jeopardy.

31. CMS' premature, arbitrary and capricious determination to involuntarily terminate Hamburg's Provider Agreements without:

   a) First considering the condition of the facility as of December 3, 2006;

   b) First considering the content of Hamburg's Credible Allegation of Compliance with Medicare Conditions of Participation provided to CMS November 30, 2006;

   c) Extending any meaningful review opportunity as set forth in CMS's notice or otherwise provided in 42 CFR Section498.5;

   d) Affording Hamburg the 15-day notice provided for in 42 CFR 456(c) constitutes a violation of Hamburg's procedural and substantive due process rights, for which Hamburg is suffering now and will continue to suffer immediate, irreparable harm without the issuance of a temporary restraining order and, subsequently, a preliminary injunction under FRCP 65; and

   e) Affording Hamburg the opportunity to informally dispute the findings of non-compliance through the IDR process 906 KAR 1:120 as mandated by 42 CFR Section 488.331.

WHEREFORE, Hamburg respectfully requests relief as follows:

A. A temporary restraining order prohibiting CMS from effectively terminating Hamburg's Provider Agreements without

a) First considering the condition of the facility as of December 3, 2006;

b) First considering the content of Hamburg's Credible Allegation of Compliance with Medicare Conditions of Participation provided to CMS November 30, 2006;

c) Extending any meaningful review opportunity as set forth in CMS's notice or otherwise provided in 42 CFR Section 498.5;

d) Affording Hamburg the 15-day notice provided for in 42 CFR 456(c); and

e) Affording Hamburg the opportunity to informally dispute the findings of non-compliance through the IDR process 906 KAR 1:120 as mandated by 42 CFR Section 488.331.

B. Any and all other relief to which Hamburg may appear entitled.

**[THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

## VERIFICATION

I hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

_____
DAVID HALL

STATE OF KENTUCKY )
COUNTY OF Fayette )

Subscribed and sworn to before me by David Hall, on this the 1st day of December, 2006.

My Commission Expires: 5/10/07 .

_____
NOTARY PUBLIC, KENTUCKY

Respectfully submitted,

MCBRAYER, MCGINNIS, LESLIE
   & KIRKLAND, PLLC
201 E. Main Street, Suite 1000
Lexington, KY 40507
(859) 231-8780

By:   *s/Stephen G. Amato*
       LISA ENGLISH HINKLE
       STEPHEN G. AMATO
       CHRISTOPHER J. SHAUGNESSY
       HOLLY TURNER CURRY
COUNSEL FOR PLAINTIFF

P:\AnnH\SGA\Pleadings\hamburg complaint.doc