```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON

HAMBURG HEALTHCARE, LLC,          )
                                  )
     Plaintiff,                   )
                                  ) Civil Action No. 5:06-397-JMH
v.                                )
                                  )
MIKE LEAVITT, SECRETARY OF THE    )  MEMORANDUM OPINION AND ORDER
UNITED STATES DEPARTMENT OF       )
HEALTH AND HUMAN SERVICES,        )
CENTERS FOR MEDICARE AND          )
MEDICAID SERVICES,                )
                                  )
     Defendant.                   )
```

                    **       **       **       **       **

On its own motion and in accordance with the hearing of Thursday, December 7, 2006, this Court finds that it does not have subject matter jurisdiction over Plaintiff's claims except to the extent that Defendant did not provide proper notice of decertification until December 1, 2006. Accordingly, it is ordered that Hamburg Healthcare, LLC's provider agreement is not terminated until December 16, 2006.

## I.   BACKGROUND

This matter arises from the finding of Defendant Centers for Medicare and Medicaid Services ("CMS") on June 3, 2006 that Hamburg Healthcare was not in substantial compliance with the Conditions of Participation in the Medicare and Medicaid programs. This finding was made after a survey by the Commonwealth of Kentucky, Cabinet for Health and Family Services, Office of the Inspector General ("OIG"). OIG conducted revisit surveys on July 26, October 6, and

November 21, 2006, finding each time that Hamburg Healthcare was still not in substantial compliance with the Medicare and Medicaid programs' Conditions of Participation. Each time, CMS warned Hamburg that their Medicare and Medicaid Provider Agreements would be terminated at 11:59 p.m. on December 3, 2006 if the facility remained out of substantial compliance on that date. On December 1, 2006, Hamburg received notice of the deficiencies found during the November 21 inspection.

**II. RELEVANT REGULATIONS**

To participate in the Medicare and Medicaid programs, nursing homes must comply with federal health and safety requirements. 42 U.S.C. § 1395i-3(a)-(d) (Medicare), 42 U.S.C. § 1396r(a)-(d) (Medicaid). The Medicare and Medicaid statutes contain a detailed set of requirements designed to protect the health and safety of facility residents, including specific requirements regarding resident admission, transfer, and discharge, the protection of resident rights, the scope and quality of nursing care and other services, the qualifications of facility staff and health care professionals, and the facility's physical environment. 42 C.F.R. §§ 483.1 – 483.75; *see* 42 U.S.C. § 1395i-3, 42 U.S.C. § 1396r.

In order to ensure compliance with the federal requirements, the statutes require detailed procedures for the inspection of nursing homes and enforcement of health and safety standards. Facilities are subject to unannounced comprehensive surveys that

must be conducted at intervals not to exceed fifteen (15) months. 42 U.S.C. § 1395i-3(g)(2)(A)(i) & (iii), 42 U.S.C. § 1396r(g)(2)(A)(i) & (iii). After the completion of a survey, state and federal officials must determine what remedy, if any, is necessary to enforce the statutory requirements for resident care. 42 U.S.C. § 1395-i(3)(H), 42 U.S.C. § 1396r(h). Federal and state officials are authorized to impose a broad range of remedies, including direction of a plan for correcting statutory violations, the imposition of civil monetary penalties, the denial of reimbursement for services rendered after the deficiency is discovered, and the appointment of temporary management. 42 U.S.C. § 1396i-3(h)(2), 42 U.S.C. § 1396r(h)(2), 42 C.F.R. § 488.406. Another remedy available to CMS is termination of a facility's Medicare provider agreement.

The Secretary of Health and Human Services "may refuse to renew or may terminate [the Medicare provider] agreement after the Secretary . . . has determined that the provider fails to comply substantially with the provisions of the agreement [or] with the provisions of [the Medicare statute] and regulations thereunder." 42 U.S.C. § 1395cc(b)(2)(A). If the facility's deficiencies to not immediately jeopardize resident health and safety, the Secretary is authorized, but not required, to continue Medicare payments for up to six months if (among other things) "the State has submitted a plan and timetable for corrective action to the Secretary and the

Secretary approves the plan of corrective action."  42 U.S.C. § 1395i-3(h)(2)(C)(ii); 42 C.F.R. § 488.412(a); *see also* 42 C.F.R. § 488.456(b)(1).  However, "CMS terminates the provider agreement . . . and stops [the federal portion of Medicaid payments] . . . if the facility is not in substantial compliance within 6 months of the last day of the [initial] survey [identifying noncompliance]."  42 C.F.R. § 488.412(d).  Unless an immediate jeopardy situation exists, CMS gives the provider at least 15 days notice of the impending termination and provides notice concurrently to the public.  42 C.F.R. § 489.53.

### III. JURISDICTIONAL REQUIREMENTS

Plaintiff has asserted both federal question jurisdiction, 28 U.S.C. § 1331, and mandamus jurisdiction, 28 U.S.C. § 1361.  Defendant argues that 42 U.S.C. §§ 405(g) and (h) preclude federal subject matter jurisdiction until a nursing home has exhausted its administrative remedies.

This Court has jurisdiction to hear purely procedural claims under the "entirely collateral" exception to the requirement that a plaintiff exhaust its administrative remedies, *Cathedral Rock of North College Hill, Inc. v. Shalala*, 223 F.3d 354, 364 (6th Cir. 2000), and pursuant to this Court's mandamus jurisdiction, 28 U.S.C. § 1361.

Under the entirely collateral rule, claims that are entirely collateral to the substantive determination by the Secretary are

4

excepted from the normal requirement that a plaintiff exhaust its administrative remedies. *Cathedral Rock*, 223 F.3d at 362-63. Claims involving procedural constitutional rights are considered entirely collateral. *Id.* at 364. In the same vein, a claim that the Secretary did not follow its procedures is entirely collateral to the Secretary's substantive determination.

42 U.S.C. § 405(h) does not preclude a plaintiff from exercising mandamus jurisdiction under 28 U.S.C. § 1361. Under 28 U.S.C. § 1361, "[t]he District Court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty to the Plaintiff." The District Court may only grant mandamus relief if a Plaintiff has a clear right to relief, Defendant has a clear duty to act, and there is no adequate remedy available to the Plaintiff. *Power v. Barnhart*, 292 F.3d. 781, 784 (D.C. Cir. 2002).

**IV. ANALYSIS**

Under these jurisdictional requirements, this Court only has the power to hear Plaintiff's procedural claims (1) that it was entitled to an inspection on or near December 3, 2006, and (2) that it was entitled to 15-day notice prior to termination.

Plaintiff was unable to point to any regulation or statute that required CMS to inspect its facility on or near December 3, 2006. Accordingly, CMS did not have a clear duty to act, and this

Court does not have the jurisdiction to order an additional inspection prior to closing.

However, CMS regulations do require 15-day notice prior to termination of a provider agreement unless immediate jeopardy exists.  CMS undertook a final inspection on November 21, 2006 but did not provide Hamburg notice of the deficiencies it found until December 1, 2006.  Accordingly, this Court finds that, under the 15-day notice provision, the termination of the provider agreement is not effective until December 16, 2006.

**V.    CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for a preliminary injunction [Record No. 13] be, and the same hereby is, **GRANTED**.  The injunction is to remain in effect until December 16, 2006.

This the 7th day of December, 2006.



Signed By:

*Joseph M. Hood*

United States District Judge